NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, PLAINTIFF v. JON I. KNUDSEN, JUDITH A. KNUDSEN, AND SYDRA ANN KNUDSEN, DEFENDANTS

No. 9129SC1214

(Filed 16 February 1993)

**Insurance § 527 (NCI4th)— school bus accident — stacking — school bus as underinsured highway vehicle**

The trial court did not err by entering summary judgment for defendants where a school bus struck and seriously injured defendant Sydra Knudsen; the bus was not covered by any liability bond or insurance policy, but instead was subject to the North Carolina Tort Claims Act; defendants were covered by a personal automobile insurance policy issued by plaintiff which provides UIM coverage; defendants filed a claim with plaintiff for UIM coverage; and plaintiff filed a complaint seeking a declaratory judgment that its policy does not provide UIM coverage for claims arising out of an accident involving a school bus. It was not the intent of the legislature to deny claimants UIM coverage in accidents involving school buses when it determined that such claims may only be brought under the Tort Claims Act. The Tort Claims Act serves the same function as liability insurance for school buses and therefore the Tort Claims Act falls within the categories of "liability bonds" and "insurance policies" for the purpose of determining eligibility for UIM coverage. Moreover, the bus was not self-insured because there is no evidence that the Henderson County Board of Education has complied with the statutory requirements, and the bus was an "underinsured highway vehicle" because the amount available under the Tort Claims Act was much less than the stacked UIM limits of defendants' policy. N.C.G.S. § 20-279.21(b)(4) (1989); N.C.G.S. § 20-279.33.

**Am Jur 2d, Automobile Insurance §§ 322, 329.**

**Right of insured precluded from recovering against owner or operator of uninsured motor vehicle because of governmental immunity, to recover uninsured motorist benefits. 55 ALR4th 806.**

**Uninsured and underinsured motorist coverage: recoverability, under uninsured or underinsured motorist coverage, of deficiencies in compensation afforded injured party by tortfeasor's liability coverage. 24 ALR4th 13.**

Appeal by plaintiff from order entered 10 September 1991 by Judge John M. Gardner in Henderson County Superior Court. Heard in the Court of Appeals 1 December 1992.

*Willardson & Lipscomb, by William F. Lipscomb, for plaintiff-appellant.*

*Long, Parker, Hunt, Payne & Warren, P.A., by Ronald K. Payne, for defendants-appellees.*

LEWIS, Judge.

On 14 December 1990 plaintiff filed a complaint seeking a declaratory judgment that an automobile liability insurance policy issued by plaintiff does not provide underinsured motorist (UIM) coverage for claims arising out of an accident involving a school bus. On 23 January 1991 defendants answered the complaint, asking for a declaratory judgment that the insurance policy does provide UIM coverage in this case. The trial court entered summary judgment in favor of defendants on 10 September 1991. The court declared that the bus was an "underinsured highway vehicle," and that defendants were· entitled to stack the per person limits of the underinsured coverage for each of their six vehicles covered under the policy.

---

Summary judgment is only appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. N.C.G.S. § 1A-1, Rule 56(c) (1990). There are no factual disputes involved in this declaratory judgment action. We agree with the trial court's interpretation of the statutes and its conclusion that defendants are entitled to summary judgment.

On 25 October 1989 a school bus driven by Wilma Angel Gordon and owned by the Henderson County Board of Education struck and seriously injured defendant Sydra Knudsen. In a separate tort action, defendants allege that Ms. Gordon negligently drove the bus over Sydra after she got off the bus and tripped and fell in front of it.

The bus was not covered by any liability bond or insurance policy, but was instead subject to the North Carolina Tort Claims Act (the Tort Claims Act or the Act). The State of North Carolina, Wilma Gordon, North Carolina Farm Bureau Mutual Insurance Company and defendants entered into an agreement allowing the Attorney General of North Carolina to provide legal defense to Ms. Gordon pursuant to N.C.G.S. § 143-300.1. The agreement authorizes the Attorney General to compromise and settle the claim for up to $100,000, the limit set forth in the Act. The agreement further provides that the State will pay $65,000 to Jon and Judith Knudsen and $35,000 to Sydra Knudsen as consideration for their release of Ms. Gordon from all liability for the accident subject to certain terms and conditions. The agreement acknowledges the declaratory judgment action and specifically states that the release of Ms. Gordon will not relieve the insurer of its obligations, if any.

At the time of the accident defendants were covered by a personal automobile insurance policy issued by plaintiff. Sydra Knudsen qualified as an insured under this policy. The policy covers six vehicles with liability limits for bodily injury of $100,000 per person and $300,000 per accident and provides UIM coverage with the same limits. Defendants filed a claim with plaintiff for UIM coverage, but plaintiff contends that such coverage is not available because a school bus insured under the Tort Claims Act is not an "underinsured highway vehicle" under N.C.G.S. § 20-279.21(b)(4) or under the policy in question.

Section 20-279.21(b)(4) states that a liability insurance policy must "provide underinsured motorist coverage," and that an "underinsured highway vehicle" is:

> a highway vehicle with respect to the ownership, maintenance, or use of which, the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the owner's policy.

## N.C. FARM BUREAU MUT. INS. CO. v. KNUDSEN

[109 N.C. App. 114 (1993)]

N.C.G.S. § 20-279.21(b)(4) (1989) (the 1991 amendments to this section do not apply to this case). Plaintiff contends that since the bus is not covered by any "liability bonds" or "insurance policies" it is not an underinsured highway vehicle.

The Tort Claims Act specifically provides coverage for claims against county boards of education arising from school bus accidents. N.C.G.S. § 143-300.1 (1990). A local board of education may waive its governmental immunity by purchasing liability insurance according to section 115C-42. However, a proviso to that statute states that even if a local board of education has waived its immunity by purchasing its own liability insurance, such insurance does not apply to claims for damages caused by the negligent acts or torts of school bus drivers when the operation of the school bus is paid from the State Public School Fund. N.C.G.S. § 115C-42 (1991). Such claims must still be brought under section 143-300.1 of the Tort Claims Act. *See Smith v. McDowell County Bd. of Educ.*, 68 N.C. App. 541, 543, 316 S.E.2d 108, 110 (1984). Thus, it is nearly impossible for a school bus involved in a negligence action to ever be covered under an actual liability bond or insurance policy under existing law.

We do not believe it was the intent of the legislature to deny claimants UIM coverage in accidents involving school buses when it determined that such claims may only be brought under the Tort Claims Act. We find that the Tort Claims Act serves the same function as liability insurance for school buses. We therefore determine that the Tort Claims Act falls within the categories of "liability bonds" and "insurance policies" for the purpose of determining eligibility for UIM coverage.

Plaintiff also relies on the fact that the statute excludes self-insured vehicles from the definition of an "uninsured motor vehicle." § 20-279.21(b)(3)b. Because this definition applies to "underinsured highway vehicles" as well, § 20-279.21(b)(4), plaintiff claims the bus is self-insured through the Tort Claim's Act and is therefore excluded from the definition of "underinsured highway vehicle." Self-insurers, however, must meet the requirements of section 20-279.33, which states that "[a]ny person in whose name more than 25 vehicles are registered may qualify as a self-insurer by obtaining a certificate of self-insurance issued by the Commissioner [of Motor Vehicles]. . . ." N.C.G.S. § 20-279.33(a) (1989). There is no evidence that the Henderson County Board of Education has

complied with these requirements. We conclude that the bus was not self-insured.

Finally, plaintiff contends that the bus is not "underinsured" because the statute does not permit stacking of UIM coverages, and therefore the limits of liability are the same. The statute states that "underinsured" means "the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the owner's policy." § 20-279.21(b)(4).

Our Supreme Court has recently addressed the issue of stacking. In *Harris v. Nationwide Mut. Ins. Co.*, 332 N.C. 184, 420 S.E.2d 124 (1992), the Court discussed two issues involved in determining whether a vehicle qualified as an "underinsured highway vehicle." First, the Court held that the proper comparison is between the tortfeasor's liability coverage and the claimant's UIM coverage, not the claimant's liability coverage. 332 N.C. at 188, 420 S.E.2d at 127. Second, the Court determined that the "applicable limits of liability" are the sum of all UIM limits under the policy. 332 N.C. at 191-2, 420 S.E.2d at 129. Thus, the comparison is between the aggregate liability coverage of the tortfeasor's vehicle and the stacked UIM limits of the claimant's policy. 332 N.C. at 192, 420 S.E.2d at 129.

Applying the law to the facts of this case, we find that the bus was an "underinsured highway vehicle." The aggregate liability coverage for the bus is $100,000, the amount available under the Tort Claims Act. This amount is much less than the stacked UIM limits of defendants' policy of $600,000, $100,000 per vehicle times six vehicles.

The trial court's order of summary judgment in favor of defendants declaring that the school bus is an "underinsured highway vehicle" is hereby

Affirmed.

Judges WELLS and EAGLES concur.