PEGGY W. OAKLEY, ADMINISTRATRIX OF THE ESTATE OF ADRIAN EUGENE OAKLEY, PLAINTIFF/APPELLANT v. DANNY JOE THOMAS, DEFENDANT/APPELLEE

No. 9218SC935

(Filed 21 September 1993)

**Insurance § 528 (NCI4th)— decedent struck by bus—recovery from board of education—recovery from bus driver and UIM carrier not barred**

In a wrongful death action where plaintiff's decedent was killed when he was struck by a school bus, plaintiff's recovery against the Randolph County Board of Education pursuant to the North Carolina Tort Claims Act did not bar plaintiff's claims against the individual bus driver who caused the wreck

---

OAKLEY v. THOMAS

[112 N.C. App. 130 (1993)]

or decedent's UM/UIM carrier for damages in excess of the maximum recovery allowable under the Tort Claims Act; however, a stipulation by the Board of Education that plaintiff's damages were in excess of $100,000 did not bind the bus driver or decedent's insurance carrier, as they were not parties to the action, and only if plaintiff is able to prove at trial that her damages are in excess of $100,000 (the amount already recovered from the Industrial Commission action) will she be entitled to an additional award.

**Am Jur 2d, Automobile Insurance §§ 295, 298.**

Appeal by plaintiff from order entered 19 May 1992 by Judge Judson D. DeRamus, Jr., in Guilford County Superior Court. Heard in the Court of Appeals 2 September 1993.

On 31 October 1989, defendant Danny J. Thomas was employed by the Randolph County Board of Education as a bus driver. The bus driven by Mr. Thomas struck and killed Adrian E. Oakley, who was riding a motorcycle insured by Harleysville Mutual Insurance Company (hereinafter "Harleysville Insurance").

Plaintiff filed two actions. Plaintiff filed a claim against the Randolph County Board of Education under the North Carolina Tort Claims Act. See G.S. 143-291 et seq. Additionally, on 18 December 1990 plaintiff filed a complaint in Superior Court (No. 90-CvS-11165) against Mr. Thomas alleging negligence resulting in the wrongful death of Mr. Oakley. G.S. 28A-18-1. (The unnamed defendant in that action is Harleysville Insurance, decedent's uninsured/underinsured (UM/UIM) insurance carrier.)

On 5 May 1992, a Deputy Commissioner of the North Carolina Industrial Commission ruled (in I.C. No. TA-12000, *Peggy W. Oakley, Personal Representative of the Estate of Adrian Eugene Oakley, Deceased v. Randolph County Board of Education*) that decedent's death was proximately caused by the negligence of Mr. Thomas (who was acting within the course and scope of his employment) and ordered defendant Randolph County Board of Education to pay plaintiff the maximum permitted by law, $100,000.00. G.S. 143-300.1(a); G.S. 143-299.2. The 5 May 1992 decision and order also reflects that the parties (plaintiff and the Randolph County Board of Education) stipulated that "[t]he damages resulting from the death of Adrian Oakley exceed $100,000.00." Plaintiff received

and accepted a $100,000.00 check from the State of North Carolina in satisfaction of the Industrial Commission award. G.S. 143-300.1(c).

On 6 May 1992, plaintiff filed a motion for partial summary judgment against defendants on the issue of liability in this action (90-CvS-11165). On 8 and 15 May 1992, defendants also filed motions for summary judgment in this action (90-CvS-11165).

On 19 May 1992, the trial court denied plaintiff's motion for summary judgment on the issue of liability. The trial court granted summary judgment for defendants and dismissed plaintiff's claims with prejudice. Plaintiff appeals.

Stern, Graham & Klepfer, by Donald T. Bogan, and Hodgman, Elam, Gordon & Churchill, by John C. Elam, for plaintiff-appellant.

Attorney General Lacy H. Thornburg, by Special Deputy Attorney General E. H. Bunting, Jr., for defendant-appellee.

Teague, Rotenstreich and Stanaland, by Stephen G. Teague, for unnamed defendant Harleysville Mutual Insurance Company.

EAGLES, Judge.

I.

Plaintiff contends that her "recovery against the Randolph County Board of Education pursuant to the North Carolina Tort Claims Act does not bar Oakley's [plaintiff's] claims against the individual bus driver who caused the wreck, or Oakley's UM/UIM carrier for damages in excess of the maximum recovery allowable under the Tort Claims Act." We agree.

The North Carolina Industrial Commission has "jurisdiction to hear and determine tort claims against any county board of education . . . which claims arise as a result of . . . any alleged negligent act or omission of the driver of a public school bus . . . ." G.S. 143-300.1(a). Here, plaintiff's damages may exceed the maximum award of $100,000.00 available under the Tort Claims Act. G.S. 143-299.2. The issue is whether plaintiff can recover the remaining damages in excess of $100,000.00 resulting from decedent's death from a non-governmental source, namely decedent's insurance carrier.

OAKLEY v. THOMAS

[112 N.C. App. 130 (1993)]

This case is essentially a contract dispute between decedent's estate and Harleysville Insurance. Plaintiff may have suffered damages in excess of the maximum recovery allowed against the board of education by law, and the limitation of that recovery may leave plaintiff with unsatisfied actual damages. By offering coverage for decedent in the event of damage arising from the acts of a tortfeasor who could not pay for the damages, defendant Harleysville Insurance accepted premiums in exchange for a commitment to provide payment for those unsatisfied damages. *See* *N.C. Farm Bureau Mut. Ins. Co. v. Knudsen*, 109 N.C. App. 114, 117, 426 S.E.2d 88, 90, *disc. rev. denied*, 334 N.C. 165, 432 S.E.2d 365 (1993) (holding that a public school bus is an underinsured motor vehicle as "the Tort Claims Act serves the same function as liability insurance for school buses"). Accordingly, we reverse the trial court's entry of summary judgment against plaintiff. *Accord Karlson v. City of Oklahoma City*, 711 P.2d 72, 74-75 (Okl. 1985) (holding that "in a situation where the liability of a tortfeasor is limited by the Political Subdivisions Tort Claims Act, to an amount which will not compensate an insured for all his proven losses suffered in an automobile accident, that insured may recover from his insurer through the uninsured/underinsured motorist provisions of his automobile liability insurance, according to the terms thereof"); *see also Gabriel et al v. Minn. Mut. Fire & Casualty*, No. Civ. 930046, Civ. 930047, Civ. 930048, 1993 W.L. 338616 (N.D. Sept. 8, 1993); *Michigan Millers Mut. Ins. Co. v. Bourke*, 607 So.2d 418 (Fla. 1992).

However, we note that in the Industrial Commission action, only the board of education stipulated that plaintiff's damages were in excess of $100,000.00: Mr. Thomas and Harleysville Insurance (defendants in 90-CvS-11165) were not parties to the Industrial Commission action and did not stipulate as to plaintiff's damages. *See* G.S. 143-300.1(a) (North Carolina Industrial Commission has jurisdiction to hear and determine tort claims against a county board of education arising as a result of an alleged negligent act or omission of the driver of a public school bus); G.S. 143-300.1(d) ("The Attorney General may defend any civil action which may be brought against the driver of a public school bus . . ." and ". . . is authorized to pay any judgment rendered in such civil action not to exceed the limit provided under the Tort Claims Act"). Accordingly, only if plaintiff is able to prove at trial that plaintiff's total damages are in excess of $100,000.00 (the amount

already recovered from the Industrial Commission action) will plaintiff be entitled to an additional award as a result of this action (90-CvS-11165).

## II.

Plaintiff argues that "[t]he bus driver and the UM/UIM carrier are collaterally estopped from re-litigating liability issues previously decided against them in a tort claims action against the owner of the bus arising from the same collision." This Court's review is limited to the assignments of error set forth in the record on appeal. N.C.R. App. P. 10(a). This contention was not set forth in plaintiff's assignments of error. Accordingly, we do not address this argument since it falls outside the scope of review on appeal. *Id.* Additionally, we note that defendants have not cross-appealed.

## III.

For the reasons stated, we reverse the trial court's entry of summary judgment against plaintiff and remand the cause for further proceedings.

Reversed and remanded.

Judges GREENE and LEWIS concur.